IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL E. KENNEDY :
:
v. : CIVIL NO. CCB-13-19
:
UNITED STATES PAROLE :
COMMISSION, :
et al. :

## MEMORANDUM

Now pending before the court is a motion to dismiss filed by the United States Parole Commission ("Commission"), and Parole Commissioners Michael Fulwood, Jr., Cranston J. Mitchell, Patricia K. Cushwa, and Patricia Wilson Smoot (collectively, the "defendants") in this suit brought by pro se plaintiff Michael E. Kennedy ("Kennedy"). Kennedy alleges the defendants violated the Parole Commission and Reorganization Act of 1976 ("Parole Act"), 18 U.S.C. §§ 4201 *et seq.*, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06, and his right to procedural due process under the Fifth and Fourteenth Amendments by failing to provide him with an in-person parole termination hearing. Kennedy seeks compensatory and punitive damages as well as an order compelling the Commission to hold a parole termination hearing.

## BACKGROUND

On January 15, 1981, plaintiff Michael E. Kennedy was sentenced to a life term of imprisonment for murder while perpetrating rape and carnal knowledge of a female against her will. Kennedy was paroled from his sentence on January 25, 2000, and was to remain under parole supervision for the remainder of his sentence. (ECF No. 7, Exs. 1 & 2.)

Because Kennedy was convicted before November 1, 1987, his parole is governed by the Parole Act, which provides that:

1

> (1)(c)(1) Five years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.
> (2) If supervision is not terminated under subparagraph (1) of this subsection the parolee may request a hearing annually thereafter, and a hearing, with procedures as provided in subparagraph (1) of this subsection shall be conducted with respect to such termination of supervision *not less frequently than biennially*.

18 U.S.C. § 4211 (emphasis added).[1]

On May 9, 2005, the Commission conducted a five-year parole termination hearing pursuant to § 4211(1)(c)(1). They ordered supervision to continue as they found a likelihood that Kennedy would engage in conduct violating criminal law. (ECF No. 7, Ex. 5.)

On November 2, 2007, a second termination hearing was conducted, and supervision was again ordered to continue. While Kennedy appealed this decision, the National Appeals Board affirmed the continuance. (ECF No. 7, Exs. 7 & 8.)

On December 22, 2008, a third termination hearing was conducted, and supervision was again ordered to continue. On appeal, the National Appeals Board modified a factual finding by the Commission, but affirmed the continuance of supervision. (ECF No. 7, Ex. 11.)

On October 18, 2010, the probation officer supervising Kennedy sent a letter to the Commission requesting a hearing for early termination of parole. (ECF No. 7, Ex. 12.) On November 2, 2010, the probation office placed a call to the Commission to inform the

---

[1] The Code of Federal Regulations provides that:
> Five years after releasing a prisoner on supervision, the Commission shall terminate supervision over the parolee unless the Commission determines, after a hearing conducted in accordance with the procedures prescribed in 18 U.S.C. § 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law. If the Commission does not terminate supervision under this paragraph, the parolee may request a hearing annually thereafter, and the Commission shall conduct an early termination hearing at least every two years.

28 C.F.R. § 2.43(c).

Commission that Kennedy had registered to vote in the state of Maryland.[2] (ECF No. 7, Exhibit 13.) On February 9, 2011, the Commission received a report from Kennedy's probation officer requesting a hearing for early termination of parole. (ECF No. 7, Ex. 14.) On March 26, 2012, a Commission case analyst reviewed the case and recommended against termination of supervision, but also recommended that the case be scheduled for an early termination hearing. (ECF No. 7, Ex. 15.) On March 27, 2012, Parole Commissioner Cushwa ordered that supervision be continued. (*Id.*)

On January 2, 2013, Kennedy filed this action. Subsequently, on January 10, 2013, Kennedy's probation officer received a letter that the Commission had ordered an early termination hearing. (ECF No. 7, Ex. 16.) On January 15, 2013, Kennedy indicated that he would not waive his right to a parole termination hearing and that it would be improper to hold a hearing given his pending *Bivens* and FTCA actions. Kennedy also requested the hearing be scheduled after the civil actions are adjudicated. (ECF No. 7, Ex. 17.) Subsequently, parole termination hearings were scheduled for May 17, 2013, and June 27, 2013, but neither hearing was held.

## **ANALYSIS**

Kennedy's claims for damages against the Parole Commission and against the individually named defendants in their official capacities are jurisdictionally barred by the doctrine of sovereign immunity. "It is well established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity." *Boron Oil v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). The Fourth Circuit has held that claims against federal employees

---

[2] Kennedy contends that he did not register to vote in the state of Maryland, which would have been in violation of his parole. However, this court need not address this, as the validity of the Commission's decision to uphold his status is not properly before the court.

3

may be barred by the doctrine of sovereign immunity where the effect of the suit falls upon the government; i.e. where "the judgment sought would expend itself on the public treasury or domain." *Id.* at 71 (quoting *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Sovereign immunity disallows such claims "unless a waiver of sovereign immunity is 'unequivocally expressed.'" *Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Here, Kennedy brings claims pursuant to the Parole Act and the APA, neither of which affords a waiver of sovereign immunity for money damages.[3] Thus, all claims against the Commissioners in their official capacity seeking damages must be dismissed. *See Noll v. Getty*, 995 F.2d 1063, at *1 (4th Cir. 1993) (unpublished) (all claims against the Chairman of the Parole Commission in her official capacity which sought damages should have been dismissed because they were barred by sovereign immunity).[4]

Kennedy's claims for damages against the commissioners in their individual capacities are also barred. As parole officials, the individually named defendants perform a quasi-judicial function and are therefore entitled to absolute immunity from personal liability. *See Pope v. Chew*, 521 F.2d 400, 405-06 (4th Cir. 1975) (parole officials involved in the quasi-judicial function of making recommendations regarding parole or pardons are entitled to immunity from damages in a civil rights action). Such immunity is necessary because "the duty of such officials and judges is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake . . . [and] such officials and judges both face the same risk of constant unfounded suits by those disappointed by the parole board's decisions." *Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 206 (D.D.C. 2011) (internal

---

[3] *See Adeleke v. United States*, 355 F.3d 144, 152 n.7 (2d Cir. 2004) (sovereign immunity bars APA claims for money damages).
[4] Unpublished opinions are cited not for their precedential value but for the persuasiveness of their reasoning.

quotation marks and citations omitted).[5] Accordingly, Kennedy's claims for damages against the commissioners in their individual capacity must also be dismissed.[6]

Lastly, Kennedy seeks an order compelling the Commission to hold a parole termination hearing and subsequent bi-annual termination hearings if parole is not terminated.[7] Courts have determined that the appropriate remedy for the Commission's failure to hold a parole hearing is a writ of mandamus. *See Sacasas v. Rison*, 755 F.2d 1533, 1535-36 (11th Cir. 1985) ("[T]he legislative history and existing case law make clear that the appropriate remedy for non-compliance by the [Parole] Commission is a mandamus action to compel the required hearing."); s*ee also Penix v. U.S. Parole Comm'n.*, 979 F.2d 386, 389 (5th Cir. 1992) ("If the Commission fails to provide a hearing to a parolee through neglect or administrative error, the parolee's remedy is a mandamus action to compel a hearing."). This court has the power to compel the Parole Commission to hold an early termination hearing under 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It appears, however, that the Commission has offered an early parole termination hearing, which Kennedy declined while this action was pending. Now that this case has been resolved, the court assumes that another date for an early termination hearing will be offered.

---

[5] Kennedy contends that the defendants in this case were operating outside of their discretionary duty in considering parole applications, and in violation of their administrative non-discretionary duty to hold a hearing. (ECF No. 12-13.) However, scheduling hearings is within the ambit of the judicial process. *See Pate v. U.S.*, 277 F. Supp. 2d 1, 9 (D.D.C. 2003) (dismissing claim stemming from an untimely revocation hearing because "scheduling a revocation hearing is integral to the judicial process, and thus entitled to absolute immunity").

[6] Absolute immunity also bars Kennedy's claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Moore v. Valder*, 65 F.3d 189, 192 (D.C. Cir. 1995).

[7] Kennedy's complaint did not explicitly request a writ of mandamus; however, because he is a pro se litigant, his allegations should be liberally construed. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

A separate Order follows.


August 23, 2013                                             /s/
Date                                             Catherine C. Blake
                                                 United States District Judge